IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMARIO T. REDMOND,

               Plaintiff,

v.                                              OPINION and ORDER

ANN YORK, C.O. BARZEK, LT. MITCHELL,        20-cv-553-jdp
LT. STANIC, J. MELI, and C.O. GROVER,

               Defendants.

---

Plaintiff Damario T. Redmond, appearing pro se, is a prisoner at Waupun Correctional Institution. Redmond alleges that prison staff failed to properly treat his influenza symptoms after he returned from being treated for the flu at the hospital. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Redmond's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Redmond says that he was rushed to the hospital with a 103-degree temperature, he tested positive for influenza, and he was returned to the prison later that day. Redmond says that he was prescribed medications at the hospital but when he asked defendant prison officials

for those medications, they would not provide them despite him suffering body aches, headaches, and dizziness.

Redmond contends that defendants violated his right to adequate medical care under the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

I will dismiss Redmond's complaint because it does not comply with the Federal Rules of Civil Procedure. Symptoms caused by the flu would not typically amount to a serious medical need under the Eighth Amendment, but because Redmond says that he was briefly hospitalized because of his symptoms, I will assume that he had a serious medical need, at least

at the time he was hospitalized. Nonetheless, Redmond does not explain events well enough for me to tell whether he had a serious medical need when he returned to the prison or that defendants consciously disregarded his needs. Redmond says that prison staff didn't give him medications prescribed to him at the hospital, which could support an Eighth Amendment claim. But the medical records that Redmond attaches to his complaint in support of that allegation, *see* Dkt. 2-1, do not show that hospital staff prescribed him any medication after he was released from the hospital. The records show that he was given several treatments at the hospital, such as a saline IV, Zofran, and Toradol, but each of those treatments was marked as discontinued by hospital staff on the day that Redmond was released from the hospital. *See id.* Redmond does not explain what hospital staff prescribed him that prison staff failed to give him, so I can't tell whether hospital staff considered his illness serious enough upon release to mandate continued treatment instead of what people generally do when they have the flu: rest while they recover.

I will dismiss Redmond's complaint, and I will give him a short time to file an amended complaint that more clearly explains his Eighth Amendment claims. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain what prescriptions or other treatment orders hospital staff gave him and which of the named defendants failed to follow those orders.

If Redmond fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Damario T. Redmond's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until December 7, 2020, to submit an amended complaint.

Entered November 16, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge